IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION, SUCCESSOR TO RBC BANK (USA), SUCCESSOR TO RBC CENTURA BANK, ) ) ) ) ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL NO. 13-0074-CG-B |
| SERENITY CARE, INC., AND MELVIN RICHARDSON, ) ) ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the plaintiff's motion for default judgment against Serenity Care, Inc. (Doc. 21). Serenity Care appeared in this action and moved to stay the action pending Serenity Care's Chapter 11 bankruptcy case. (Doc. 6). The case was stayed as to Serenity Care on March 1, 2013. (Doc. 7). While the case was stayed against Serenity Care, default judgment was entered against the individual defendant, Melvin Richardson. (Doc. 15). The stay as to Serenity Care was lifted when the court received notice that Serenity Care's bankruptcy had been dismissed. (Docs. 17, 18). The court, upon lifting the stay, ordered Serenity Care to file its answer to the complaint on or before April 2, 1014. (Doc. 18). To date, Serenity Care has failed to file any answer to the complaint. Default was entered against Serenity Care on April 10, 2014 (Doc. 20).

The complaint reflects the existence of diversity jurisdiction. (Doc. 1, ¶¶ 2-7). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.... A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." Nishimatsu Construction Co. v. Houston National Bank, 515 F.2d 1200, 1206

1

(5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Security, LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis in original).

The complaint (Doc. 1) alleges that the bank or its predecessor loaned Serenity Care $297,000.00 as evidenced by a Promissory Note dated March 24, 2008, and that Serenity Care defaulted on the Note. According to the complaint, as of January 31, 2013, Serenity Care owed plaintiff $261,907.28 plus attorney fees pursuant to the Promissory Note. The $261,907.28 is composed of principal in the amount of $234,835.00, plus interest in the amount of $32,499.60, plus late charges in the amount of $14,201.66. The complaint states that per diem interest of $45.66 will continue to accrue thereafter. Count I of the complaint asserts a claim against Serenity Care for breach of the promissory note.[1] There is no question but that these allegations actually state causes of action and that the complaint contains a substantive, sufficient basis for the relief sought.

The Court may not enter default judgment against an infant or incompetent unless appropriately represented in the action. FED. R. CIV. P. 55(b)(2). Further, as to any civil action in which the defendant does not make an appearance, "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit" addressing the defendant's military status. 50 U.S.C. app. § 521(a), (b). Because Serenity Care is a corporation, it cannot be a minor, an incompetent, or a member of the armed forces. GlobeNet Metals, LLC v. Fidelity Oil Field Services, LLC, 2013 WL 5529607, *1 (S.D. Ala. Oct. 7, 2013) (citations omitted). Moreover, counsel for Serenity Care has

---

[1] The complaint includes two counts. Count II of the complaint asserts a claim against the individual defendant, Melvin Richardson, for breach of a guaranty agreement.

appeared in this action.

"While well-pleaded facts in the complaint are deemed admitted, plaintiff's allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and the character of damages." Capitol Records v. Carmichael, 508 F. Supp. 2d 1079, 1084 n.4 (S.D. Ala. 2007); see also Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court [on entering default judgment] has an obligation to assure that there is a legitimate basis for any damage award it enters ...."); Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985) (on default judgment, "[d]amages may be awarded only if the record adequately reflects the basis for award ...."); 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 at 58-59 (3rd ed. 1998) ("If the court determines that [the] defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). Thus, the mere granting of default judgment does not establish the plaintiff's entitlement to any quantum of damages.

A hearing to establish damages is not universally required. None is needed "where all essential evidence is already of record ..., such that any additional evidence would be truly unnecessary to a fully informed determination of damages." Securities and Exchange Commission v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Here, suit is brought on a Promissory Note, a copy of which was attached to the complaint. (Doc. 1-1). Additionally, plaintiff submitted affidavits averring to the amounts due and owing under the note, including $6,500 in attorney's fees. The Promissory Note provides for recovery of costs and expenses of collection, including attorney's fees. (Doc. 1-1, p. 3). The court finds that the affidavits sufficiently support the amount owed under the note for principal, late fees and interest. However, the affidavits do not provide enough detail for the court to determine whether the attorneys fees claimed are reasonable. One of the affidavits is submitted by an attorney that opines that the amount requested is reasonable, but does not provide any information concerning

the rates charged or the hours worked.  Plaintiff has not requested a hearing and the court finds that none need be held so long as plaintiff provides the court with a more detailed accounting of the fees requested.

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." FED. R. CIV. P. 54(c).  The complaint demands recovery on the Promissory Note of the balance of $234,835.00, plus late fees in the amount of $14,201.66, interest and attorney's fees and costs.  The motion for default judgment seeks the same principal balance and late fees, plus interest, attorney's fees and expenses.  (Doc.  21, p. 2).  The plaintiff's requested default judgment thus does not violate Rule 54(c).

## CONCLUSION

For the reasons stated above, the court finds that plaintiff is entitled to judgment against Serenity Care for the principal, interest and late fees claimed under the note.  However, because plaintiff has not provided sufficient detail for the court to determine the reasonableness of the attorney's fees requested, the court declines to enter judgment until such information is provided.  Accordingly, plaintiff is **ORDERED** to submit billing records and an affidavit reflecting the time and rates that were incurred.

Once the court makes its finding with regard to the requested attorney's fees, judgment will be entered.

**DONE** and **ORDERED** this 30th day of April, 2014.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE